McBRIDE, Judge.
Alvin Taylor met an accidental death on March 12, 1956, in the performance of his occupational duties in the plant of his employer, Publicker Chemical Corporation, and Louis Boyd, natural tutor of the minor, Alvin Boyd (Taylor), aged 16, instituted this suit against the said employer to recover benefits under the Workmen’s Compensation Law for' and on behalf of the minor on the ground he was “completely dependent” upon Alvin Taylor. The petition alleges that when Alvin Boyd (who has extrajudicially assumed the surname Taylor) was 5 or 6 days old, the decedent, Alvin Taylor, took him into his home where he was “raised” by Alvin Taylor and his wife.
The defendant denied these averments and also denied it is indebted to the minor. Defendant also interposed certain exceptions which have now passed out of the case.
After a trial on the merits, judgment was rendered in plaintiff’s favor for compensation for the term of 300 weeks and for funeral expenses, attorney’s fees, and court costs. Defendant and its compensation insurer prosecuted this appeal.
Alvin Boyd, born in 1942, is the child of Louis Boyd and Hazel (Stewart) Boyd. A few days after the child’s birth Alvin Taylor, a distant cousin, with the consent of the parents took the child into his home where he remained until the death of Taylor’s wife in 1955. During the period Alvin Boyd resided in the Taylor home he was wholly supported by decedent. After the death of his wife, Alvin Taylor being unable to maintain a household placed the boy temporarily under the partial care of a woman who lived next door, and we gather from the record the child stayed there about six weeks. Louis Boyd, the father, at the request of Alvin Taylor then brought the boy to his own home which he occupied with his wife and several of their children. It is an established fact that after Alvin Taylor turned the boy over to Louis Boyd, he never again lived in the Taylor home although he did visit Taylor on occasions. The record shows that for a period of a few weeks Boyd allowed the boy to stay with his Godfather, after which he was returned to the Boyd home where he has lived ever since.
There is testimony purporting to show that the decedent always manifested an intention to take the child back at such future time as he was able to establish another home, and that some of the boy’s wearing apparel was left with Alvin Taylor.
*686 Alvin Boyd testified that after being taken into the household of his father, Louis Boyd, the decedent gave him the sum of $5 weekly and on holidays, such as Thanksgiving and Christmas, he was given $10, and that none of this money went to his father but he would spend it all for clothes for himself. Louis Boyd claims the decedent would give him $6 or $7 each week to “help buy food for the house,” but Boyd states he did not spend any of the money for food but turned it over to the boy; thus, if the testimony of these witnesses is to be believed, Alvin Boyd received $11 every week out of the earnings of decedent.
Assuming for the purposes of this opinion Alvin Boyd was dependent upon Alvin Taylor, the case presents the question of whether Alvin Boyd, who is not decedent’s own child, stepchild, or adopted child, and who is not presently a member of his household has the right to claim compensation for his death.
LSA-R.S. 23 :1231 (before amendment by Act 412 of 1956), under the heading “Death Benefits” provided that for injury causing death within one year after the accident, there shall be paid as compensation to the legal dependents of the employee who were actually wholly or partially dependent upon his earnings for support at the'time of the accident and death a weekly sum as “hereinafter provided” for a period of 300 weeks. LSA-R.S. 23:1251 lists certain persons who are conclusively presumed to be wholly and actually dependent upon the deceased employee, among these being children under the age of 18 years with whom the decedent was living at the time of his injury. LSA-R.S. 23:1021(3) recites that “child” or “children” covers only legitimate children, stepchildren, posthumous children, adopted children and acknowledged illegitimate children. LSA-R.S. 23:1252 provides in part that in cases where there is no conclusive presumption, the question of legal and actual dependency in whole or in part shall be determined in accordance with the facts as they may be at the time of the accident and death. Under the concluding sentence of LSA-R.S. 23:1253, no person shall be considered a dependent unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child.
Alvin Boyd not bearing any such relationship to decedent, he, if he is to recover in this suit, must be placed in the category of a member of the family of the deceased employee.
Regardless of how long previous to the accident the decedent supported Alvin Boyd in his home and regardless of the fact that the decedent might have contributed certain weekly sums toward the upkeep of the boy for the several months after he ceased to live in decedent’s household, Alvin Boyd, within the contemplation of the Workmen’s Compensation Law, cannot be classified “a member of the family of the deceased employee,” because he was not living in the household of decedent at the time of the death.
Perhaps it is true it was the intention of Alvin Taylor to receive the boy back into his home at some future time meanwhile furnishing funds for sustenance while the boy resided with his father, but the fact remains that at the crucial time, the date of the accident and death, Alvin Boyd was not a member of the family of Alvin Taylor and had not been for several months.
Counsel for plaintiff, in making the argument that Alvin Boyd is entitled to compensation if for no other reason he was a dependent of the deceased, rely on LSA-R.S. 23:1231, which provides that there shall be paid to the “legal dependents” of the employee dependent upon his earnings for support at the time of the accident and death a weekly sum for a period of 300 weeks. While said section does provide for payment of compensation to the legal dependents actually dependent upon the em *687 ployee’s earnings for support, the “legal dependents” are limited by reason of the proviso contained in LSA-R.S. 23:1253 to those persons who bear to the decedent the relation of lineal descendant or ascendant or child, or who are members of the family of the deceased employee. It is obvious the words “a member of the family” as used can only be given significance if accepted as meaning membership in the decedent’s household.
In Haag v. E. Z. Opener Bag Co., Orleans No. 7620 of our docket (opinion book 55), this court held that the compensation law uses the words “family of the deceased employee” in the sense of membership in his household and subject to his authority. In the course of their opinion our predecessors pointed out that the compensation law in Louisiana is not peculiar to this jurisdiction, but is “derived from and intended to accomplish the same purpose as statutes of a similar nature previously in force in the New England States; so that the terms of our act must have been meant in the same sense as similar terms used in the statutes of those states.” The Massachusetts statute, M.G. L.A. c. 152 § 1, is quoted as providing that the word “dependents” shall mean “members of the employee’s family or next of kin who are wholly or partly dependent upon his earnings,” and reference is made to the fact that the Supreme Court of Massachusetts had, in four opinions, interpreted the word “family,” as used in the statute, to mean membership in a household presided over by the deceased, citing In re Kelley’s Case, 222 Mass. 538, 111 N.E. 395; In re Murphy, 224 Mass. 592, 113 N.E. 283; In re Cowden, 225 Mass. 66, 113 N.E. 1036; In re Murphy, 228 Mass. 555, 117 N.E. 794.
See, also, Beard v. Rickert Rice Mills, La.App., 164 So. 636.
In appellee’s brief it is also argued that Alvin Boyd though not actually residing in the household of the deceased employee “continued to remain a member of his family and of his household in a separate abode which the deceased employee was obligated to maintain in view of the tender age of the child and his irregular working conditions.”
No merit can be found in this contention, as we are sure a child, although dependent upon the deceased employee, is not to be considered a member of his family unless he actually lives in the household of the deceased employee at the time of the occurrence and death. The interpretation of the statute as contended for by plaintiff’s counsel could not be accepted without an incongruous consequence arising. Under counsel’s interpretation Alvin Boyd is entitled to compensation for Taylor’s accident and death, while at the same time had his own father, with whom he lives, been the deceased employee, Alvin Boyd could as well have recovered compensation on the premise that he is conclusively presumed to be wholly and actually dependent upon his father under the provisions of LSA-R.S. 23:1251. Thus, in the event of the death of either Alvin Taylor or of his father under similar circumstances, Alvin Boyd would be a dependent and stand as the compensation beneficiary. The existence of such a situation was never intended by the legislature.
In Dangerfield v. Indemnity Ins. Co. of North America, 209 La. 195, 24 So.2d 375, the plaintiff alleged that although her children were born out of wedlock prior to her marriage to decedent and as issue of relationships with other men, they were decedent’s legitimate stepchildren and were entirely dependent upon him for support and maintenance at the time of his death. They were not living with the decedent and were not members of his family. The Court concluded that the children not being stepchildren of the deceased employee were not eligible for compensation benefits. The question whether they could be considered members of the family of the deceased employee was not discussed, but we feel sure if they were entitled to be placed in such a category merely because of their *688 dependency upon him, the Court instead of dismissing the suit would have held that a grant of compensation to them would be in order.
The trial judge was clearly in error in his conclusions, and it is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, and that there now be judgment in defendant’s favor and against plaintiff dismissing his suit, he to defray the costs of both courts.
Reversed.