270 So.2d 244 (1972)
HAMMOND ASPHALT COMPANY, INC.
v.
Robert E. JOINER et al.
No. 9067.
Court of Appeal of Louisiana, First Circuit.
November 13, 1972.
Rehearing Denied December 26, 1972.
Arthur W. Macy, Macy & Kemp, Hammond, for appellant.
Henry A. Mentz, Jr., Mentz & Ford, Hammond, for appellees.
Before LANDRY, TUCKER and CUTRER, JJ.
CUTRER, Judge, ad hoc.
Hammond Asphalt Company, Inc., doing business as Hammond Equipment Company, filed suit on a lost note against Robert E. Joiner and Marion O. Joiner for the balance due thereon plus interest and attorney fees. From an adverse judgment Robert E. Joiner perfects this appeal. We affirm.
A copy of the note in question was introduced into evidence which reflects that the note was executed July 6, 1965, payable to the order of Hammond Equipment Company in the principal sum of $2,708.16 with 8% interest from date and 15% additional as attorney fees. The note was payable in installments. The names Robert E. Joiner and Marion O. Joiner appear as the persons who executed the note.
Following the execution of the note the plaintiff assigned the note to Guaranty Bank and Trust Company at its office in Hammond, Louisiana, and the defendants *245 were notified of the assignment of the note to the bank. Two payments were made by the defendants and all subsequent payments of the note were made by the plaintiff, the last being made on November 26, 1966. Following the last payment, Guaranty Bank and Trust Company failed to deliver the note to the plaintiff. After a prolonged search the bank notified the plaintiff that it was unable to locate the note and it was deemed lost.
Pursuant to LSA-C.C. Article 2280 the plaintiff advertised the loss of the note in the Hammond Daily Star newspaper on March 18, March 25 and April 1, 1968. This suit was filed November 5, 1969.
Marion O. Joiner filed an answer setting out his discharge in bankruptcy as a defense. Robert E. Joiner filed an exception of no cause of action on the ground that the advertisement did not comply with the provisions of LSA-C.C. Article 2280 in that it was not advertised within a reasonable time as provided therein. The exception was also leveled at the fact that the 1970 amendment to LSA-C.C. Article 2280, which dispensed with the advertisement if a commercial bond was issued to protect the maker or endorsers from loss, was not applicable, as alleged by the plaintiff, as it was not in effect at the time the note was lost or at the time suit was filed. It is contended that an attempted usage of this amendment would be ex post facto and illegal. Robert Joiner further denied the signing of the note.
The exception was overruled and judgment was rendered by the trial court in favor of the plaintiff and against both defendants for the amount sued for. The judgment further recognized the discharge in bankruptcy by Marion O. Joiner and reserved whatever rights Robert Joiner may have against Marion O. Joiner. The plaintiff was ordered by the judgment to furnish a surety bond as provided in LSA-C.C. Article 2280 as amended.
Specifications of error on appeal by Robert E. Joiner are as follows:
1. That the plaintiff did not advertise the lost note within a reasonable time under the provisions of LSA-C.C. Article 2280 as that Article existed at the time of the filing of the suit.
2. That the trial court was in error in applying the 1970 amendment to LSA-C.C. Article 2280 which permitted the filing of a surety bond in lieu of the advertisment on a lost note.
3. That the plaintiff failed to sustain the burden of proof establishing that Robert E. Joiner actually signed the note in question.
Prior to Act No. 382 of 1970, LSA-C.C. Article 2280 reads as follows:
"In every case, where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised, within a reasonable time, in a public newspaper, and proper means taken to recover the possession of the instrument."
Article 2280 LSA-C.C. was amended by Act No. 382 of 1970 to read as follows:
"In every case where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the possession of the instrument; provided, however, that advertisement of a lost note shall not be necessary in any case where a commercial bond issued by an insurance company licensed to do business in the state of Louisiana is furnished to protect the maker and/or his endorsers of said note from loss resulting from said note falling into the hands of a holder in due course provided that said commercial bond must be in amount equal to the face of the note plus twenty-five percent thereof."
We will first discuss whether the amendment to LSA-C.C. Article 2280 can be applied to this case since it became effective *246 after the suit was filed and long after the note was deemed lost, for if applicable, the problem of whether the advertisement was timely would thereby be moot.
This article appears in the Chapter of the Louisiana Civil Code pertaining to Proof of Obligations and Of That Of Payment. In the case of Glennon v. Holmes, 13 Orl.App. 3 (La.App.1915), the Court in discussing LSA-C.C. Article 2280 stated as follows:
"R.C.C., 2280, does not announce a principle of substantive law or of pleading, but a rule of evidence merely."
The law is well established that statutes which are remedial or procedural will be given retroactive effect in the absence of contrary language. In the case of General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953) the court held:
"It is the settled law that remedial statutes and statutes governing procedure will be given retroactive effect in the absence of language showing a contrary intention."
Further, in the case of Pelloat v. Greater New Orleans Expressway Commission, 175 So.2d 656 (La.App.1st Cir.1965), this court held as follows:
"It follows that, being a procedural right only, the Legislature may change it at any time and that, in the absence of contrary language, the change would be equally applicable to pending and subsequent litigation."
The trial court was correct in overruling the exception of no cause of action as LSA-C.C. Article 2280 is a rule of evidence and is thus procedural. Since the statute does not indicate otherwise the amendment is equally applicable to pending as well as to subsequent litigation.
A surety bond to protect the defendants was filed pursuant to the judgment of the court; thus the provisions of LSA-C.C. Article 2280, as amended, have been complied with. By thus complying with the bond portion of the Statute advertisement for the lost note can be dispensed with, and the problem of whether the advertisement was timely made has become moot.
We next turn to the question of whether the evidence established that Robert E. Joiner actually signed the note in question. Robert E. Joiner on cross-examination, when presented with a copy of the note in question, denied that he signed the note, but did acknowledge that the signature appeared to be his signature or a copy of his signature. Robert Joiner further testified as follows: (Tr. p. 117)
"Q. Now, around July 6, 1965, did you have an occasion to discuss with your brother, Marion Joiner, any of his financial problems or difficulties with the Hammond Equipment Company?
"A. Yes, sir, I did. ."
* * * * * *
"Q. Did at any time . . . well, let me rephrase the question. Did Mr. Marion Joiner around this time ask you to sign a note?
"A. Yes, sir, the reason why I remember the period well at the time is because my birthday is the 8th of July and I do remember it was just prior to my birthday. He told me that he was having financial difficulty and would I consider signing a note so that he may pay some money that was owed to Hammond Equipment. He never asked me to sign a note to Hammond Equipment. He asked me if I would sign one for money at Guaranty Bank.
"Q. Did he present to you a note?
"A. Yes, sir, he did.
"Q. Was the note filled out?
"A. No. sir, it was blank."
* * * * * *
*247 "Q. Now do you recall where on the note that you signed?
"A. Yes, sir, being familiar with signing someone else's note, I signed at the bottom line because the maker always has to sign above."
Peter Peco, manager of the Hammond Equipment Company, testified that Robert E. Joiner talked with him subsequent to the execution of the note and acknowledged that his signature appeared thereon. Mr. Peco further testified that the only question Mr. Robert Joiner raised was that he was liable for only one-half of the note rather than the entirety. Wiley H. Sharp, Jr., secretary-treasurer of the plaintiff corporation, testified that he also talked with Robert Joiner subsequent to the execution of the note and Joiner raised no question as to his responsibility on the note.
As we evaluate the testimony, this Court concludes that Robert Joiner signed the note in question and is liable thereon.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
Affirmed.