SARTAIN, Judge.
This matter is before us on Matlack, Inc.’s (appellee) motion to dismiss Louis Blacher’s (appellant) appeal on the ground that the same was not filed within the sixty day period provided for in C.C.P. Art. 2087, as amended by Act 201 of 1976. We deny the motion.
At the outset it should be noted that Act 201 of 1976 reduced the delay for perfecting a devolutive appeal from ninety to sixty days. Act 201 became effective on October 1, 1976.
In the instant matter judgment was signed and notice was mailed to counsel of record on July 27, 1976. No new trial was *445 applied for and under C.C.P. Art. 2087 (pri- or to the amendment) appellant then had until November 3, 1976 to perfect his appeal.
Appellant, following judgment, obtained an order permitting him to proceed in for-ma pauperis. The district judge signed the motion for appeal on October 6, 1976, some five days after the effective date of Act 201.
Appellant contends that Act 201 is a remedial statute and as such should be applied retroactively. Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885 (1961).
We recognize the general rule to be that newly enacted legislation will be applied prospectively. Paul v. Edwards, 323 So.2d 488 (La.App. 1st Cir. 1975). We also recognize the exception to this rule to be that where the statute was found to be remedial or procedural it may be applied retroactively. Hammond Asphalt Co. v. Joiner, 270 So.2d 244 (La.App. 1st Cir. 1972). However, we do not find it necessary to classify Act 201 as remedial or procedural. For we do not believe it to be incumbent upon the court to apply it retroactively on the sole basis of its classification. Whatever classification is given the statute, the court may for policy reasons choose not to give it retroactive effect.
C.C.P. Art. 2087 was amended for the purpose of reducing the delays attending an appeal for the primary purpose of expediting litigation. We do not believe that it was intended to reduce the delay of ninety days for perfecting a devolutive appeal in suits where judgment was signed prior to the effective date of the act. To carry appellant’s argument to its fullest extent would require that we hold that any judgment which had been signed for a period in excess of 60 days before the effective date of the act would be unappealable after October 1, 1974. We, therefore, decline to give retroactive effect to the amendment to C.C.P. Art. 2087 and hold that it applies to judgments rendered and signed after the effective date of the amendment.
For these reasons, appellee’s motion to dismiss is denied. All such costs as are related to the instant motion are assessed against appellee with all other costs to await a final determination on appeal.
MOTION DENIED.