BOLIN, Judge.
An unmarried mother of three minors sued for workmen’s compensation benefits due the minors because of the death of their alleged natural father. The trial court found the deceased was the father of the children but that plaintiff had not proved they were dependent upon decedent at the time of his death. Plaintiff appeals, and defendants (employers and their insurer) move to dismiss the appeal contending that appellant failed to timely perfect the appeal. We overrule the motion to dismiss, and affirm the judgment of the trial court.
MOTION TO DISMISS
The motion to dismiss the appeal is based on Act 201 of 1976 which amended Louisiana Code of Civil Procedure Article 2087 by reducing the delay for perfecting a devolutive appeal from 90 to 60 days. Act 201 became effective on October 1, 1976.
In this case the judgment was signed September 21, 1976; the required notice of judgment was mailed to plaintiff September 28; the seven-day period for applying for a new trial expired on October 7; and the delay period for appeal began to run October 8. Defendants contend that on October 8 Act 201 was controlling; that plaintiff was allowed only 60 days for perfecting a devolutive appeal; and that this appeal, having been perfected on December 21, was untimely.
We find the crucial date is the day the judgment was signed; the judgment was signed prior to October 1, and the 90-day delay period is applicable. The appeal was timely perfected and the motion to dismiss is overruled. Blacher v. Matlack, Inc., 344 So.2d 444 (La.App. 1st Cir., 1977).
*973 MERITS
The issues on appeal are (1) whether or not plaintiff has established that decedent was the natural father of the three children; and (2) whether or not plaintiff has proved these children were dependent upon decedent, either wholly or partially, at the time of his death.
Plaintiff admits she never married decedent nor did they ever live together as husband and wife. The evidence establishes that decedent never formally acknowledged the children as his own. Plaintiff now 38 years old, testified she began having sexual relations with decedent when she was sixteen years old; that this relationship ceased for a two-year period when decedent married another woman, and the relationship was resumed upon decedent’s divorce from that woman. Plaintiff stated she never voluntarily had sexual relations with anyone other than decedent; that he had visited the children every two or three months and had informally acknowledged the children as his own. Plaintiff’s cousin and sister substantially corroborated plaintiff’s testimony as to the paternity of the children. We find the trial judge was correct in holding that decedent was the natural father of the three children.
Louisiana Revised Statutes 23:1252 provides that where the children, as in this case, are not conclusively presumed, under R.S. 23:1251, to be dependent upon the decedent, dependency must be determined “in accordance with the facts as they may be at the time of the accident and death.” Further, La.R.S. 23:1254 provides, “the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.”
As this court recently stated, “The jurisprudence requires proof that the deceased employee was actually contributing to the support of a child where dependency cannot be presumed and a legal or moral obligation owed to the child is not sufficient.” Fidelity and Casualty Company of New York v. Masters, 335 So.2d 722 (La.App. 2d Cir., 1976).
Plaintiff, a person of extremely limited means, sought to prove the dependency of her minor children on decedent’s earnings by recounting various instances when decedent, who worked in Louisiana, came to plaintiff’s house in Mississippi and gave her cash to be used for the minors’ clothing. She testified decedent had visited her once every two or three months and always presented her with $115 to $120. She stated he last visited her in January 1973 before his death in May of that year.
After analyzing plaintiff’s testimony, as well as her earlier deposition which seemed to contradict much of that testimony, the trial judge found:
“. . .it appears to have been established with some degree of certainty that the decedent gave the plaintiff cash in January 1973 [$115] and bought the children bicycles for Christmas in 1972. Whether he furnished any funds in 1972 appears debatable. He did leave cash [$120] with plaintiff’s mother at least one time in 1971.”
This factual finding is supported by the evidence, and under this finding we agree with the trial judge that plaintiff has failed to prove the children were dependent on decedent at the time of his death. The two cash payments coupled with a Christmas gift of bicycles over a period of three years did not constitute partial dependency under the Workmen’s Compensation Statute.
The judgment is affirmed.