521 So.2d 820 (1988)
LUMBERMEN'S UNDERWRITING ALLIANCE, Plaintiff-Appellant,
v.
Anna TEAGUE, et al., Defendant-Appellee, and
Glenda Spencer, et al., Defendant-Appellant.
No. 19404-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1988.
*821 Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell by Linda G. Ashe, Alexandria, for plaintiff-appellant.
Samuel Thomas, Tallulah, for defendant-appellee.
C. Calvin Adams, Jr., Tallulah, for defendant-appellant.
Before HALL, JASPER E. JONES, FRED W. JONES, Jr., JJ.
*822 JASPER E. JONES, Judge.
In this workers' compensation case Lumbermen's Underwriting Alliance, workers' compensation insurer of the employer of Lester Spencer, brought this action for declaratory judgment to determine which, if either, of two competing groups of claimants is entitled to receive benefits by reason of Spencer's death in a work accident. The defendants are Anna Teague individually and as natural tutrix of her children, Robert Nelson, Larry Jenkins, and Tonya Wilson and Glenda Spencer as natural tutrix of her children, Kevin Spencer and Christy Spencer.[1]
Lumbermen's and Glenda Spencer both appeal a judgment declaring Anna Teague and her children entitled to receive workers' compensation benefits of $276.25 per week and rejecting Spencer's claim. Lumbermen's also answers Spencer's appeal. We amend and affirm.
The assignments of error present the following issues:
1. Are the Spencer children entitled to receive workers' compensation benefits for the death of their father;
2. Are Anna Teague and her children entitled to receive workers' compensation benefits for the death of Lester Spencer; and
3. What were Lester Spencer's wages at the time of his death.[2]
Facts
Lester Spencer married Glenda Spencer in August, 1973. They had two children, Christy and Kevin. They separated in 1982 because of Lester's ongoing relationship with Anna Teague. Ms. Spencer testified that she obtained a divorce from Lester Spencer in Florida on August 10, 1983. On February 21, 1983, Glenda Spencer obtained an order from an Arkansas court requiring Lester Spencer to pay child support of $79.00 per month.
Lester Spencer made no child support payments. He did give each child $5.00 as a birthday gift in 1984 and $10.00 each in 1985. At Christmas 1984 Lester Spencer gave his children "a little doll and a little truck ..." Ms. Spencer supported herself and the children through public assistance and some income from employment.
Lester Spencer and Anna Teague met in October, 1981. They began living together in 1982 following Ms. Teague's divorce. They lived together from that time until Lester Spencer's death on December 4, 1985, except for a period in the fall of 1983 when Spencer worked in Bradley, Arkansas, and for several brief periods of separation which apparently followed problems between them.
All three of Ms. Teague's children resided with them until June, 1985, when the two older children moved to the home of their grandparents in Harrisville, Arkansas. They continued to live there until Spencer's death.
While Spencer and Anna Teague lived together they supported themselves by various means including public assistance, income from employment of both of them, and income from employment of Lester Spencer alone. From August 4, 1985, the household was supported by income from Mr. Spencer's employment alone. In addition to providing for Ms. Teague and her daughter, Tonya, who lived with them, Spencer also provided some limited support for the two older children in Arkansas.
Following Lester Spencer's death both groups of claimants presented claims to the Office of Workers' Compensation. That office's recommendation was rejected and this suit followed.
*823 Issue # 1The Spencer Children
The first issue is whether the legitimate children of Lester Spencer, Christy and Kevin Spencer, are entitled to receive workers' compensation benefits by reason of his death. The trial judge found that they were not entitled to benefits because they were not dependent upon their father.
Workers' compensation death benefits are payable to "legal dependents" of the deceased worker. LSA-R.S. 23:1231. Children under age eighteen, or twenty-three if full time students, are conclusively presumed to be dependent upon a parent with whom they live. LSA-R.S. 23:1251.
The Spencer children were residing with their mother at the time of their father's death and, therefore, they are not entitled to the presumption of § 1251. It is the children's burden to prove actual dependence upon their father. An unfulfilled legal or moral obligation to support is insufficient to establish dependency. LSA-R.S. 23:1252; Fidelity and Cas. Co. of New York v. Masters, 335 So.2d 722 (La.App. 2d Cir.1976), writ refused, 338 So.2d 297 (La. 1976).
Lester Spencer made no support payments. The only support the children received from their father from August 10, 1983, until his death was $15.00 each in birthday gifts and one toy each at Christmas, 1984.
Dependency is a question of fact. Doyle v. United General Ins. Co., 458 So.2d 152 (La.App. 3d Cir.1984). As such, the trial judge's findings on this question cannot be disturbed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
The record supports the trial judge's conclusion. The support provided by Lester Spencer was so negligible that any finding of dependency would have been clearly wrong.
The trial judge's conclusion is also supported by the jurisprudence. This court has held that cash payments totaling $235.00 and a gift of bicycles over a three year period did not establish dependency of the children who were the recipients. Perteet v. Atlas Const. Co., Inc., 345 So.2d 972 (La.App. 2d Cir.1977). Further, it has been held that the existence of unfulfilled court orders for support does not establish dependency. Haynes v. Loffland Bros. Co., 34 So.2d 80 (La.App. Orl.1948), affirmed, 215 La. 280, 40 So.2d 243 (1948); Griffitts v. Tiger Well Service, Inc., 226 So.2d 175 (La.App. 3d Cir.1969), writ denied, 254 La. 852, 227 So.2d 594 (1969).
The Spencer children are not entitled to workers' compensation benefits.[3]
Issue # 2Anna Teague and Her Children
Ms. Teague and her children claim workers' compensation benefits for the death of Lester Spencer as "other dependents" under LSA-R.S. 23:1232(8). In order for them to make such a claim they must be "members of the family of the deceased employee ..." LSA-R.S. 23:1253. A party making such a claim need not be related to the deceased worker, instead all he must show is the existence of a family or household of which they both were members and his dependency on the deceased worker. Turner v. Consolidated Underwriters, 170 So.2d 199 (La.App. 2d Cir.1964), affirmed, 248 La. 37, 176 So.2d 420 (1965). This rule is applicable to the concubine of the deceased worker. Henderson v. Travelers Ins. Co., 354 So.2d 1031 (La.1978).
Lester Spencer had lived with Anna Teague for approximately three years at his death. They maintained a home together where her children also resided. The only exceptions were a period when Spencer was employed in Arkansas, and even during this time Ms. Teague visited him on weekends, and several brief periods when they separated because of domestic problems.
When Spencer and Teague lived together they combined their income. Spencer's pay was used to provide the needs of all household members and his pay was sometimes *824 deposited in Ms. Teague's checking account. From August 4, 1985, until his death Lester Spencer was Anna Teague's sole source of support and she was clearly dependent upon him. Though Ms. Teague's relationship with Lester Spencer was not without some problems the record shows that they had formed a family or household which had lasted approximately three years at Spencer's death.
The trial judge correctly found Anna Teague was entitled to workers' compensation benefits. We next consider the entitlement to benefits of Ms. Teague's daughter, Tonya Wilson.
Tonya resided with her mother and Spencer from at least April, 1983, until his death. She was a member of Lester Spencer's family or household.
Lester Spencer supported the family by providing a home and food. He supported Tonya in particular by providing her clothes. Lester Spencer was Tonya's only source of support from August 4, 1985, until his death. These facts establish Tonya's dependency upon Lester Spencer.
The trial judge properly found that Tonya Wilson was entitled to benefits. We now consider whether her half brothers Robert Nelson and Larry Jenkins are entitled to receive workers' compensation benefits.
In order for these parties to be entitled to workers' compensation benefits they must have been members of Lester Spencer's family or household and dependent upon him. Turner v. Consolidated Underwriters, supra.
Ms. Teague testified that Mr. Spencer supported these children up until his death. She testified that he bought their clothes and provided them with "school money" even after they moved to Arkansas. These facts might support a finding of dependency by these parties on Lester Spencer; however, the facts do not support a finding that Robert Nelson and Larry Jenkins were members of Lester Spencer's household or family at the time of his death.
The trial judge found that Anna Teague and her children had lived with Lester Spencer "... for over three years prior to his death." With respect to Robert Nelson and Larry Jenkins this finding is clearly wrong.
Robert and Larry left the Spencer household in June, 1985, and began living with their grandparents in Harrisville, Arkansas.[4] Thus, Robert and Larry had not lived with Lester Spencer for at least five months at his death. That this was a change of residence for the boys, rather than a visit, is shown by the fact that they were residing with their grandparents during the school year and attending school in Arkansas.
When a non-relative leaves the deceased workers' home months before his death and establishes another residence where he lives until the workers' death the non-relative is not a member of the workers' household at the time of death and cannot recover workers' compensation benefits even though the worker continued to support him after he moved. Boyd v. Publicker Chemical Corporation, 118 So.2d 684 (La. App. Orl.1960).
Robert Nelson and Larry Jenkins cannot be considered members of Lester Spencer's family or household because they had not lived with him for at least five months prior to his death. For this reason, they are not entitled to recover workers' compensation benefits for the death of Lester Spencer.
Issue # 3Lester Spencer's Wages
The trial judge found Lester Spencer's wages to be $425.00 per week and awarded workers' compensation benefits of $276.25 per week upon that basis. The trial judge based her conclusion as to the decedent's wages on an allegation in Lumbermen's original petition which she found to be a judicial confession that the decedent's wages were $425.00 per week.
Lumbermen's argues that the trial judge erred in finding that it had judicially confessed that Lester Spencer's wages were *825 $425.00 per week and in excluding evidence of his actual earnings.
Lumbermen's original petition, filed June 16, 1986, alleged that decedent's average weekly wage was $425.00. On July 16, 1986, Glenda Spencer, as natural tutrix of her children, answered and alleged upon information and belief that decedent's wage exceeded $425.00 per week. On August 11, 1986, Lumbermen's filed, with leave of court, an amending petition alleging that decedent's wages were much less than $425.00 per week. On September 15, 1986, Anna Teague, individually and as tutrix of her children, filed an answer and reconventional demand and a separate answer to the amending petition denying its allegation. Trial of this matter was held November 19, 1986.
Lumbermen's attempted to present evidence of the decedent's actual earnings. Counsel for Teague objected to such evidence upon grounds that Lumbermen's had not rejected that portion of the recommendation of the Office of Workers' Compensation which found the decedent's wage to be $425.00 per week. The court sustained this objection upon grounds that there was no showing that Lumbermen's had rejected the recommendation or its finding of decedent's wages. Lumbermen's presented its evidence as a proffer.
Our first consideration is whether there was a judicial confession by Lumbermen's of the decedent's wages. Though the original petition did allege Spencer's wages were $425.00 per week this allegation was amended with leave of court to allege his wages were "much less than $425.00." The amending petition was filed over three months prior to trial and over one month prior to Teague's answer.
An allegation which would constitute a judicial confession does not estop a curative amendment unless the opposing parties have been misled or deceived. Guidry v. Barras, 368 So.2d 1129 (La.App. 3d Cir. 1979).
The amendment here was filed well before trial and more than a month before Teague answered. There is no indication the defendants were misled or deceived by the plaintiff. The amendment was properly filed and thereafter the allegation of the original petition should not have been considered a judicial confession.
Our next consideration is whether the trial judge was correct in sustaining Teague's objection to the evidence of Spencer's actual wages. This presents the question of whether in order to contest the Office of Workers' Compensation finding of an employee's wages a party must have filed a rejection with that office specifically rejecting that portion of the Office's recommendation.
LSA-R.S. 23:1310.1 provides that the recommendations of the Office of Workers' Compensation are only advisory. This section also provides that a party who fails to notify the Office of his rejection of its recommendation is conclusively presumed to have accepted it. When the recommendation is rejected by any party, the office issues to each party a certificate that the claim was submitted for informal resolution and that the recommendation was rejected. This certificate cannot set forth the name of the rejecting party or parties. LSA-R.S. 23:1310.1. A copy of this certificate must be attached to the petition. LSA-R.S. 23:1311 C; 23:1314 B.
The interpretation of these provisions advanced by Teague and adopted by the trial judge is incorrect.
First, it establishes a very technical pleading requirement in the informal stage of the proceedings. This is contrary to the principle that the legislature intended to relax evidentiary and procedural rules and subordinate procedural considerations to the discovery of truth and protection of substantial rights in workers' compensation cases. Andrews v. Pine Hill Wood Co., 426 So.2d 196 (La.App. 2d Cir.1982), writ den., 432 So.2d 267 (La.1983).
Second, the requirement of a rejection of specific parts of the recommendation is obviously contrary to the interpretation of the Office of Workers' Compensation. This is shown by the fact that the forms used by the office, one of which is included in this record, provide only for a party to accept or *826 reject the recommendation and make no provision for a party to accept or reject specific parts of the recommendation. Cf., Quarles v. Jackson Parish Police Jury, 482 So.2d 833 (La.App. 2d Cir.1986), writ den., 486 So.2d 750 (La.1986) (Administrative interpretation of statute over a period of time is entitled to great weight).
Third, the trial judge's interpretation is inconsistent with § 1310.1 in that it makes the "advisory only" recommendation on the weekly wages of the decedent binding upon appellant and not binding on others who rejected it.
Finally, the requirement that a party prove that it rejected the recommendation is inconsistent with LSA-R.S. 1310.1 A. This section specifically provides that the certificate issued by the Office of Workers' Compensation "... shall not set forth either the recommendation of the office or the name of the rejecting party or parties." [emphasis added]. Had it been intended that a party would be required to prove he had rejected the recommendation we think just the opposite information would have been required in the certificate.
We find that a rejection of the recommendation by any party, when evidenced by the certificate issued by the Office of Workers' Compensation, entitles all parties to raise all issues. The trial judge erred in sustaining Teague's objection. We will consider the proffered evidence.
The testimony of S.E. Emfinger, the decedent's employer, shows that he was paid by the day. LSA-R.S. 23:1021(10) defines "Wages" as the "... average weekly wage at the time of the accident" and provides various methods for calculation of the employee's average weekly wage depending upon how he was paid. Section 1021(10)(d) provides the method for calculation of the average weekly wage for a worker not paid on an hourly, monthly or annual basis.[5]
The evidence shows that the decedent worked 91 days during the 26 weeks preceding his death. He earned $7,732.50 during that time. His average weekly wage was $339.88.[6]
The amount of the benefit payable to Anna Teague and Tonya Wilson is calculated under LSA-R.S. 23:1232(8).[7] Under this provision the benefit for two "other dependents" is 43½ percent of the employee's wages. The weekly benefit due in this case is $147.86.
Lumbermen's argues that the benefits should terminate as of May 12, 1986, because on that date Ms. Teague obtained employment and that thereafter neither she nor her daughter were dependent upon the decedent.
A claimant does not have to show he would have lacked the necessities of life without the support of the deceased worker in order to establish dependency. Hurks v. Bossier, 367 So.2d 309 (La.1978).
*827 Ms. Teague obtained employment at less than $200.00 per week to try to support herself and her three children while she was receiving no workers' compensation benefits. Her impoverished condition even with this employment is illustrated by the fact that she is still eligible for and receiving food stamps even while working. She and her daughter are far from self sufficient. The record does not support a finding that the dependency of Anna Teague and Tonya Wilson had ceased.
Finally, Lumbermen's suggests that this court should now decide when benefits to these parties will terminate under LSA-R. S. 23:1233. We decline to do so for the reason that the facts which would raise that question have not yet occurred and may never occur. Should those facts actually occur, or should there be changes in the parties' dependency, Lumbermen's may raise those issues pursuant to LSA-R.S. 23:1331(C).
Conclusion
For the foregoing reasons the second paragraph of the judgment of the district court is amended to read as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Anna Teague and Tonya Wilson declaring them to be entitled to workers' compensation benefits in the amount of $147.86 per week with legal interest on each weekly benefit from the date due until paid."
Costs of this appeal are taxed one-third against Lumbermen's, one-third against Anna Teague and one-third against Glenda Spencer in her capacity as natural tutrix of Kevin Spencer and Christy Spencer. As amended, the judgment is affirmed.
NOTES
[1] Kevin Spencer and Christy Spencer are the legitimate children of Lester Spencer. Ms. Teague's children are not the children of Lester Spencer.
[2] Lumbermen's contends the trial judge erred in:

1) finding Anna Teague and her children entitled to benefits;
2) finding Spencer's wages to be $425.00 per week;
3) refusing to admit evidence of Spencer's actual earnings; and
4) fixing the amount of benefits at $276.25 per week.
Glenda Spencer assigned as error the trial judge's failure to award benefits to her children and she adopted Lumbermen's assignments.
[3] According to testimony in the record these children are receiving social security benefits due to their father's death.
[4] Robert and Larry were living with Larry's grandparents but Ms. Teague testified that they were thought of as Robert's grandparents as well.
[5] LSA-23:1021(10)(d):

As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this section:
. . . . .
(10) ... (d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
[6] The calculations are as follows:

$7,732.50 (gross earning for past 26 weeks) × 4 = $339.88 91 (number of days actually worked) (Average weekly wage)
[7] LSA-R.S. 23:1232(8) provides:

Payment to dependents shall be computed and divided among them on the following basis:
. . . . .
(8) If there are neither widow, widower, nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one-half per centum of wages for one, and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents.