_[iLOLLEY, J.
Randall Well Service, Inc. (“Randall”) and its compensation insurer, American Interstate Insurance Company (“American”), appeal from a judgment of the Office of Workers’ Compensation (“OWC”) awarding death benefits to two minor children of a deceased worker, Robby Allison (“Mr.Allison”). For the following reasons, we affirm.
FACTS
Mr. Allison was employed by Randall until August 30, 2001, when he was killed in a work-related accident in Caddo Parish. Randall and American instituted this proceeding in the OWC as a petition for declaratory judgment concerning their obligations to the minor children of Mr. Allison. A hearing occurred on April 17, 2003, at which time the parties stipulated to most of the pertinent facts.
Mr. Allison was married to Shannon D. Allison (“Ms. Allison”) and the couple had two children during the marriage, Shan-nonRay W. Allison (“ShannonRay”) and Lance Allison (“Lance”). The couple divorced on September 22, 1999. The Louisiana judgment of divorce awarded sole custody of ShannonRay to Mr. Allison; however, the judgment was silent as to the custody of Lance. According to the petition for divorce, Lance had lived with his mother in Sulphur Springs, Texas, since his birth and accordingly, the Louisiana court had no jurisdiction to determine custody of Lance. The judgment provided that “no child support is due by either party.” In answers to interrogatories, Ms. Allison acknowledged that neither she nor Lance had received any monetary contributions, payments 19of bills, or payment of any household or personal expenses from Mr. Allison for the year prior to August 30, 2001.
At the time of Mr. Allison’s death, both children were still minors. The parties stipulated that ShannonRay was a dependent of Mr. Allison at the time of his death.
The record indicates that Mr. Allison had been incarcerated for an unspecified offense for a time until March 2001, and from then until the time of his death, he and ShannonRay were living with his sister Melissa Forsythe (“Ms. Forsythe”), who was made tutrix of ShannonRay after his father’s death. Mr. Allison and Shan-nonRay were in the process of moving into *500 a home of their own near Ms. Forsythe when he was killed. Ms. Forsythe testified that her brother loved both of his children; she confirmed that her brother had arranged with Ms. Allison that each parent was to be responsible for one child. She said that Mr. Allison bought Shannon-Ray’s clothes and paid for the child’s day care.
Ms. Allison testified that after the divorce, Lance lived with her. She also testified that Mr. Allison paid her nothing to support Lance and that she was entirely responsible for supporting Lance, while Mr. Allison was entirely responsible for supporting ShannonRay. Ms. Allison testified that about four months prior to Mr. Allison’s death, they made plans to reconcile, but did not reveal those plans to Mr. Allison’s sister because of animosity between Ms. Allison and Ms. Forsythe. Although Ms. Allison testified that Mr. Allison did not buy Lance any “clothes or anything,” he did buy some camping supplies for a family outing with Lance on one occasion.
| ¡After hearing the evidence, the judge rendered an oral judgment stating that the arrangement for division of support between the parents operated as “some kind of in-kind trade off for support.... [T]he money that he doesn’t have to send to Shannon D. for Lance worked to his benefit in that sense because he’s only got to worry about cash money support for Shan-nonRay, and she takes care of Lance.” The judge was also impressed with the testimony that Mr. Allison loved both of his children and that he and Ms. Allison had plans to reconcile. The court signed a judgment on July 2, 2003, declaring both minor children to be dependents of Mr. Allison at the time of his death and awarded the children compensation. The court fixed the award to the children as equally divided shares of 46 1/4% of Mr. Allison’s average weekly wage of $350 per week and not less than $104 per week per child. Randall and American appeal that decision.
DISCUSSION
Workers’ compensation death benefits for dependents are authorized by La. R.S. 23:1231, which provides, in part:
A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
The amount due varies with the number of dependents. Louisiana R.S. 23:1232 provides in part:
| ¿Payment to dependents shall be computed and divided among them on the following basis:
(4) If one child alone, thirty-two and one-half per centum of wages of deceased.
(5) If two children, forty-six and one-quarter per centum of wages.
Certain persons are conclusively presumed to be dependents. Louisiana R.S. 23:1251 provides:
*501 The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with ivhom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution. (Emphasis added).
Because Lance was not living with Mr. Allison at the time of Robby’s death, he is not presumed to be a dependent; therefore, La. R.S. 23:1252 governs this case and provides as follows:
In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.
The child seeking to be declared a dependent has the burden of proof on that issue. Lumbermen’s Underwriting Alliance v. Teague, 521 So.2d 820 (La.App. 2d Cir.1988); Malone & Johnson, 14 La. Civil Law Treatise:
IsWorfcers’ Compensation Law and Practice Sec. 304 (4th Ed.2002). The compensation law further specifies in La. R.S. 23:1254 the type of dependency that must be shown:
In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.
An unfulfilled legal or moral obligation to support is insufficient to establish dependency. Lumbermen’s Underwriting Alliance, supra. Dependency is a question of fact. Id. An appellant court may not set aside a trial court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Cenac v. Public Access Water Rights Ass’n, 2002-2660 (La.06/27/03), 851 So.2d 1006. A reviewing court may not merely decide if it would have found the facts of the case differently but should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Id.
Several theories are advanced as to why Lance Allison should be considered the dependent of Mr. Allison. First is the natural obligation of a parent to support his minor children under La. C.C. art. 227. This obligation, standing alone, is insufficient to prove actual dependency under the workers’ compensation law. La. R.S. 23:1252. This is a long-standing rule. See, e.g., Moy v. Schuylkill Products Co., 209 La. 782, 786, 25 So.2d 542, 543 (1946), as cited in Malone & Johnson, supra, at Sec. 304, footnote 36:
| ^However unfair it may seem that these unfortunate children should be made to continue suffering because of the unworthiness of their father, simply because their mother or someone else on their behalf did not coerce him by means of legal proceedings to fulfill the duties legally imposed upon him as their father, our lawmakers did not provide for *502 such a case under our compensation law and we are powerless to prevent the perpetuation of this injustice that has been brought upon them through no fault of theirs and that must, in the future, be continued in similar instances until the legislature, in its wisdom, may see fit to correct the same, since this is a matter that falls exclusively within the province of that branch of our government.
Nor does the prospect of a future reconciliation between the parents suffice as proof of actual dependency; this contingency is explicitly provided for in La. R.S. 23:1254.
However, in this case the OWC relied most heavily upon the provision of in-kind support by Mr. Allison for ShannonRay as proof of the dependence of Lance Allison. Although such support arrangements are not uncommon in the practice of family law, whether-in-kind support may serve as proof of dependency for purposes of workers’ compensation seems to be an unanswered question in our jurisprudence or statutes.
Nevertheless, we conclude that an in-kind support agreement may serve as proof of actual dependency under La. R.S. 23:1231. Although an unfulfilled support obligation does not prove dependency, in this case the parties were actually fulfilling their support obligation to the children. Each parent had custody of one of the two minor children. In the absence of an in-kind support agreement, each parent would have had to provide one-half of the support needed by each child. Thus, each month Ms. Allison could have paid Mr. Allison for her support obligation toward ShannonRay, and |7Mr. Allison could have paid Ms. Allison for his support obligation toward Lance.[1] Under the facts presented in this case, these obligations would have been equal. A recurring exchange of equal sums would unquestionably have established the actual support of Lance by Mr. Allison. Such an exchange would also, in practice, be a pointless waste of time, and the in-kind provision of support was a practical means of avoiding this redundant exchange.
The jurisprudence recognizes that proof of dependency may be shown with evidence outside the usual proof of direct monetary contributions. See, e.g., Silk v. Silk, 29,107 (La.App.2d Cir.01/24/97), 691 So.2d 97, writ denied, 97-1185 (La.06/20/97), 695 So.2d 1361. We consider the provision of in-kind support more like a traditional support agreement than was the support provided in Silk. To hold otherwise would be to create a trap for the unwary heirs of a worker, and we decline to interpret the statute to produce a result not clearly intended by the legislature.
Accordingly, the judgment of the OWC is affirmed. Costs of this appeal are assessed to Randall Well Service, Inc. and American Interstate Insurance Company.
AFFIRMED.
PEATROSS, J., dissents with written reasons.

. The Louisiana judgment that Mr. Allison had no support obligation, while relevant incompletely describes the support arrangement for purposes of dependency under the workers' compensation law.