EDNA MAY LIPPARD, FRED W. LIPPARD, JR., PHYLISS ANN LIPPARD, AND WILLIE FAYE LASH, DEPENDENTS OF FRED W. LIPPARD, DECEASED, v. SOUTHEASTERN EXPRESS COMPANY.

(Filed 1 January, 1935.)

**Master and Servant F g—Posthumous illegitimate child acknowledged by father is dependent of father within meaning of Compensation Act.**

An illegitimate child, born after the death of its father, who before his death had acknowledged his paternity of the child, is a dependent of its deceased father within the provisions of the North Carolina Workmen's Compensation Act, and such child is entitled to share with children of its deceased father who were born of his marriage to their mother, from whom their father had been divorced prior to his death, in compensation awarded under the act to his dependents. N. C. Code, 8081 (uu), 8081 (i).

APPEAL by defendant from Alley, J., at June Term, 1934, of FORSYTH. Affirmed.

This is a proceeding, begun before the North Carolina Industrial Commission, for compensation under the provisions of the North Carolina Workmen's Compensation Act.

The facts found by the Industrial Commission are as follows:

Fred W. Lippard died on 20 September, 1932. At the date of his death he was an employee of the Southeastern Express Company. Both he and the said company were subject to the provisions of the North Carolina Workmen's Compensation Act.

The death of the said Fred W. Lippard was the result of personal injuries which were caused by an accident which arose out of and in the course of his employment.

At his death Fred W. Lippard left surviving him Edna May Lippard, Fred W. Lippard, Jr., and Phyliss Ann Lippard, his children, born of his marriage to Maggie Bell Lippard. Before his death, to wit, on 15 August, 1932, Fred W. Lippard was divorced from his wife, Maggie Bell Lippard, by a decree of the Superior Court of Cabarrus County.

The custody of the said children was awarded by the court to their father, Fred W. Lippard.

Willie Faye Lash was born on 17 January, 1933. She is the child of Thelma Lash and Fred W. Lippard, who were never married to each other. Before his death, Fred W. Lippard knew that Thelma Lash was pregnant, and acknowledged that he was the father of her unborn child. Fred W. Lippard and Thelma Lash were engaged to be married on 24 September, 1932. He died on 20 September, 1932.

On these facts, the Industrial Commission awarded compensation for the death of Fred W. Lippard, to be paid by the Southeastern Express Company to the guardian of Edna May Lippard, Fred W. Lippard, and Phyliss Ann Lippard, as dependents of Fred W. Lippard, deceased. The commission denied the claim of Willie Faye Lash that she is entitled to share in said compensation as a dependent of Fred W. Lippard, deceased.

On an appeal from this award to the Superior Court of Forsyth County, the award was modified and affirmed.

The court was of opinion that on the facts found by the Industrial Commission, Willie Faye Lash is a dependent of Fred W. Lippard, deceased, and as such is entitled to share with his children born of his marriage in the compensation to be paid by the Southeastern Express Company, and adjudged that the award of the Industrial Commission be amended in accordance with its opinion. The defendant appealed from the judgment of the Superior Court to the Supreme Court, assigning as error so much of said judgment as orders the Industrial Commission to amend its award by directing that Willie Faye Lash share in the said compensation.

*Walter D. Browne for Edna May Lippard, Fred W. Lippard, Jr., and Phyliss Ann Lippard.*

*John C. Wallace and Wm. H. Boyer for Willie Faye Lash.*

CONNOR, J. The questions of law presented by this appeal are (1) whether an illegitimate child born after the death of its father, who before his death had acknowledged his paternity of the child, is a dependent of its deceased father, within the provisions of the North Carolina Workmen's Compensation Act, and (2) if so, whether such child is entitled to share with children of its deceased father who were born of his marriage to their mother, from whom their father had been divorced prior to his death, in the compensation awarded under the act to his dependents.

Both of these questions must be answered in the affirmative.

The provisions of the North Carolina Workmen's Compensation Act (chapter 120, Public Laws of N. C., 1929) which are pertinent to the questions presented by this appeal are as follows:

BANK v. DARDINE.

1. "A widow, a widower, and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee. . . . If there is more than one person wholly dependent, the death benefit shall be divided among them; the persons partly dependent, if any, shall receive no part thereof." Sec. 39, ch. 120, Public Laws of N. C., 1929. Sec. 8081 (uu), N. C. Code, 1931.

2. "The term 'child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, and a step-child or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him." Sec. 2, ch. 120, Public Laws of N. C., 1929. Sec. 8081 (i), N. C. Code of 1931.

The fact that the illegitimate child, whose paternity was acknowledged by the deceased employee prior to his death, was born after his death does not affect the relationship between the child and its father. The dependency which the statute recognizes as the basis of the right of the child to compensation grows out of the relationship, which in itself imposes upon the father the duty to support the child, and confers upon the child the right to support by its father. The status of the child, social or legal, is immaterial.

The philosophy of the common law, which denied an illegitimate child any rights, legal or social, as against its father, and imposed no duty upon the father with respect to the child, is discarded by the statute. The child is no less the child of its father because it was born after his death. The statute expressly provides that the compensation shall be divided among the dependents of the deceased employee. The judgment of the Superior Court is
Affirmed.