Conceding, for the purpose of this decision, that the appeal was properly lodged here, the position most favorable to the accused, we find that the case presents nothing for our review, for it is another of those appeals taken where no bills of exceptions were either filed or perfected and there is no error patent on the face of the record.

For the reasons assigned the conviction and sentence are affirmed.

**24 So.2d 375**

DANGERFIELD v. INDEMNITY INS. CO. OF NORTH AMERICA.

In re DANGERFIELD.

No. 37770.

Dec. 10, 1945.

Parker, Seale & Kelton, of Baton Rouge, for applicant.

Durrett & Hardin, of Baton Rouge, for defendant.

HAMITER, Justice.

Anderson Dangerfield, on April 6, 1943, was accidentally killed while performing his duties as an employee of the Blaw-Knox Construction Company in Baton Rouge. To recover compensation for herself and for her two unacknowledged illegitimate minor children, his widow, with whom he was living, instituted this action against the employer's insurer.

Plaintiff alleged that although her children were born out of wedlock prior to her marriage to decedent, and as issue of relationships with other men, they were decedent's legitimate stepchildren and were entirely dependent upon him for support and maintenance at the time of his death. She did not declare in her petition, however, that such children had been living with him or were members of his family. Further, it was alleged that defendant has been paying the compensation due to her individually, but that it refuses to pay the amounts due and owing to the two minor children.

The district court overruled defendant's exception of want of capacity of the plaintiff to appear or to stand in judgment for and on behalf of the minor children without having qualified as their natural tutrix. But it sustained a plea of prematurity tendered to plaintiff's individual claim, and also it sustained exceptions of no right and no cause of action directed at the demands made in behalf of the minor children. Accordingly, the entire suit was dismissed at plaintiff's costs.

On appeal to the Court of Appeal the judgment dismissing the suit was affirmed. Thereafter, the cause was brought here on a writ of certiorari or review.

Plaintiff's individual demand has been abandoned. Moreover, as is disclosed by a written agreement of counsel filed in this court, it is not now contended that compensation should be paid to the minor children on the theory that they were members of the family of decedent, the plaintiff conceding that her petition lacks appropriate allegations therefor. The agreement declares:

"Sofaras the present hearing before this Honorable Court is concerned, plaintiff seeks recovery of compensation for the said two minor children, Joe Jones and Louise Jones, solely on the theory that the said two minor children were and are the stepchildren of the decedent, Anderson Dangerfield, dependent upon him for support, and as such stepchildren, entitled to compensation."

Counsel further stipulate in writing:

"In the event it should be finally determined by this Honorable Court that the said two minor children, Joe Jones and Louise Jones, are not entitled to compensation in this case on the theory that they were the step-children of decedent, Anderson Dangerfield, then plaintiff reserves the right to amend her petition, if amend-

ment is necessary, so as to allege that the said two minor children were members of the family of Anderson Dangerfield, and to seek to introduce proof at a trial on the merits to the effect that the two minor children were members of the family of the decedent, Anderson Dangerfield, and entitled to compensation on that theory."

Thus to be determined is the question of whether the unacknowledged illegitimate children of the wife of a deceased employee—who are neither decedent's own nor his adopted children, who are not members of his family, but who are dependent on him for support—have a right and a cause of action as stepchildren for compensation for his death.

There appears to be no precedent in our jurisprudence for deciding the stated issue. The very recent case of Thompson v. Vestal Lumber & Manufacturing Co., 208 La. 83, 22 So.2d 842, is not decisive of it. The basis of that decision is the member-of-the-family doctrine, which is not applicable here, the court recognizing therein the right of unacknowledged illegitimate children of a deceased employee to recover compensation for his death on the theory that they were residing with him and were dependent on his earnings for support and, therefore, were members of his family. In the course of the opinion a distinction was shown between that (Thompson) case and Barranco v. Davis, 175 La. 35, 142 So. 844, in the latter of which the claim for compensation of two illegitimate children was rejected on the ground that they were not legally acknowledged by their father (the deceased employee), the court pointing out that [208 La. 83, 22 So.2d 856]:

" * * * The plaintiff (in the Barranco case) did not, either in her pleadings or in her briefs, in the district court, or in the court of appeal, or in the supreme court, contend that the children were living with the father as members of his family, dependent upon his earnings for support, at the time of the accident. * * * This court did not consider for one moment the question whether the two unacknowledged illegitimate children might have been entitled to compensation as dependent members of the family of the deceased employee. It cannot be said that the court passed upon the question whether an unacknowledged illegitimate child may claim compensation successfully as a dependent member of the family of the deceased employee, when that question was never considered by the court or presented for decision. We must assume, from the fact that the tutrix did not claim compensation for her children as dependent members of the family of the deceased employee, that they were not in fact dependent members of his family at the time of the accident and death." (Parenthesis ours).

Our Employers' Liability Statute (Act 20 of 1914, as amended by Act 242 of 1928), in subsection 2 of section 8 thereof, lists certain persons who are conclusively presumed to be wholly and actually dependent upon the deceased employee, among these being children under the age of 18 years with whom decedent was living at the time of his injury. This conclusive

presumption of dependency could not apply to the unacknowledged illegitimate children in the instant case, because, if for no other reason, they did not live with decedent at the time of his injury.

Continuing, the statute, in the mentioned subsection, recites: "In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death * * *. No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child." Paragraph (D) (It was by reason of the clause "unless he is a member of the family of the deceased employee" that the court ruled in favor of the children in the Thompson case, supra.) The unacknowledged illegitimate children of this plaintiff, as above shown, were not members of decedent's family. But did each bear to decedent the relationship of "child", within the contemplation of the last quoted statutory provision, entitled as such to prove actual dependency on him for support?

Plaintiff's counsel insist that such relationship existed, contending that the minors were decedent's stepchildren, and therefore his children, under the express definition of Paragraph (H), of said subsection 2 of section 8, which reads:

"The term 'child' or 'children' shall cover only legitimate children, step-children, posthumous children, adopted children and illegitimate children acknowledged under the provisions of Civil Code Article (s) 203, 204 and 205. * * *".

In support of this contention it is argued that stepchildren as contemplated in the statutory definition, are not necessarily children born in wedlock; that the prefix "step" presupposes a marriage, and when a man marries a woman who has unacknowledged illegitimate children (not his own) he becomes their step father, just as in the instant case.

In determining the intent of the Legislature with respect to the quoted provision of Paragraph (H), it is to be noticed that the word "legitimate" immediately precedes "children, step-children, posthumous children, adopted children * * *." Because of the position in the sentence that it occupies, "legitimate" obviously modifies children. But does it extend also to the remaining listed groups? Undoubtedly it does to "posthumous children". Except under the member-of-the-family doctrine as announced in Thompson v. Vestal Lumber & Manufacturing Co., supra, unacknowledged illegitimate children, it has been held by this court, cannot recover compensation for their father's death. Barranco v. Davis, supra. Should it be held though that children of that class can recover provided that his death occurred before their birth, there would certainly result an anomalous situation. If then the word "legitimate" modifies both "children" and "posthumous children" it would seem that it also modifies the intervening term "stepchildren". To construe the language otherwise would be grammatically impossible.

But from this it does not follow that the word "legitimate" likewise qualifies the term "adopted children", in which class, as is well known, there are many illegitimate children. In the provision's sentence structure "adopted children" does not lie between "legitimate children" and "stepchildren" or between "stepchildren" and "posthumous children". Instead, such term directly follows "posthumos children" and immediately precedes "illegitimate children", the sentence reading, " * * * legitimate children, stepchildren, posthumous children, adopted children and illegitimate children acknowledged under the provisions of Civil Code Article(s) 203, 204 and 205." Now "adopted" is an adjective of the same descriptive value as "legitimate" or "illegitimate", as is clearly indicated by its use in Title VII of Book I of the ·Revised Civil Code. Under that title, which treats "Of Father And Child", children are separately classified as "Legitimate Children", "Illegitimate Children" and "Adopted Children", an entire chapter being devoted to each classification. Neither "Posthumous Children" nor "Stepchildren", however, occupies a separate and distinct division therein. Consequently, since "legitimate" and "adopted" are words of equal signification, the former can not and does not modify the term "adopted children". It could not extend to "adopted children" any more than to the succeeding group "illegitimate children acknowledged * * *." Just as "illegitimate" precludes the application of "legitimate" to "illegitimate children acknowledged * * *", so does the use of the word "adopted" preclude the application of "legitimate" to "adopted children".

From this analysis of the quoted provision of Paragraph (H) of subsection 2 of section 8 of the Employers' Liability Act, we conclude that the Legislature in using the word "stepchildren" had in mind the children of a deceased employee's spouse who were born of a previous marriage. The use of the word in that manner would accord with the definition of "stepchild" as given in Webster's New International Dictionary (Second Edition), it being, "A child of one's wife or husband by a former marriage." Therefore, the unacknowledged illegitimate children in this case, under the allegations of the petition, are not entitled to recover compensation as stepchildren of decedent.

There is another and perhaps stronger reason (besides the mentioned analysis) for our conclusion. If the interpretation urged by plaintiff be accepted, there would arise strange and somewhat absurd consequences. Thus, with that interpretation, the instant children under the circumstances alleged would be entitled to compensation; yet, if their own mother were the deceased employee' they, under similar circumstances and under the present jurisprudence of this state, could not recover for her death. Quoad the husband of their mother these children would have greater rights than they would have quoad their own mother. Again, should that interpretation prevail, the decedent's own unacknowledged illegitimate children (assuming that he has some and they are not members of his family) would be without right to receive compensation for his death; whereas, the children herein, born to plaintiff through illicit relationship with two other men, would possess that right.

Some authorities from other jurisdictions have been cited in aid of plaintiff's position in this cause. The decisions, as the Court of Appeal correctly pointed out, were "based on the general purpose of the compensation law as affording compensation to dependent members of a deceased employe's family." [19 So.2d 598, 600.] Moreover, the statutes involved therein are not the same as ours. Hence, the cited cases are inapplicable here.

For the reasons assigned the judgment of the Court of Appeal is affirmed. However, the case is remanded to the District Court to permit plaintiff, or the proper legal representative of her two unacknowledged illegitimate minor children, to allege that the children were members of the family of the decedent Anderson Dangerfield, and to conduct further proceedings under the additional allegations. Costs of this court shall be paid by plaintiff.

O'NIELL, C. J., does not take part.