110 So.2d 541

Henrietta WILLIAMS

v.

AMERICAN EMPLOYERS INSURANCE COMPANY.

No. 44175.

March 23, 1959.

Rehearing Denied April 27, 1959.

Gist, Murchison & Gist, Alexandria, for defendant-appellee.

Stafford & Pitts, Grove Stafford, Jr., Alexandria, for appellant-respondent.

HAMITER, Justice.

Herein, Henrietta Williams seeks compensation for and on behalf of her illegitimate, posthumous, minor son, Sherman Williams. Primarily the action presents for determination the question: Is such child entitled to recover under the Louisiana Workmen's Compensation Statute for the accidental death of its father?

The distrit court answered the question in the negative and dismissed the suit. The Second Circuit Court of Appeal reversed the judgment and awarded compensation. La.App., 103 So.2d 568.

The cause is before us on a writ of certiorari to the Court of Appeal granted on the application of the defendant, American Employers Insurance Company, the compensation insurer of the decedent's employer.

The record discloses the pertinent facts hereinafter set forth. The deceased employee, Herman Hudson, was legally married to Annie Lee Jackson on March 13, 1954, and of this union two children were born. In February, 1956, while such marriage still existed, Hudson commenced living in open concubinage with plaintiff. That arrangement continued until his accidental death on November 17, 1956.

On July 24, 1957, some eight months later, plaintiff gave birth to Sherman Williams on whose behalf compensation is herein demanded. As a basis for the demand she asserts that the child resulted from her meretricious relationship with Herman Hudson.

In reaching his decision (dismissing the suit) the district judge assumed arguendo that Herman Hudson was the father of the child—a fact that is denied by the defendant. The Court of Appeal, on the other hand, found that such paternity had been established by the evidence.

In view of the conclusion reached by us respecting the mentioned primary question herein presented we need not pass on the filiation issue. For the purpose of this discussion we can and do assume, as did the district judge, that Herman Hudson was the father of the child.

Plaintiff contends here, as she did in the district court and in the Court of Appeal, that recovery on behalf of her son is authorized because: (1) Sherman Williams is a posthumous child within the contemplation of LRS 23:1021—a person conclusively presumed to be a dependent of the employee, and (2) the dependent member of the family doctrine enunciated in Thompson v. Vestal Lumber and Manufacturing Company, 208 La. 83, 22 So.2d

842, is applicable to her son, he having been in utero at the time of the accident and death (which occurred while the state of concubinage existed) and hence was living with and actually dependent on the father.

LRS 23:1021, invoked by plaintiff under her first contention, provides: "(3) 'Child' or 'Children' covers only legitimate children, stepchildren, posthumous children, adopted children, and illegitimate children acknowledged under the provisions of Civil Code Articles 203, 204, and 205."

This statutory provision was considered in Dangerfield v. Indemnity Insurance Company of North America, 209 La. 195, 24 So.2d 375, 377, a case involving a compensation demand on behalf of two illegitimate stepchildren of the deceased employees. With respect to it we said: "In determining the intent of the Legislature * * * it is to be noticed that the word 'legitimate' immediately precedes 'children, step-children, posthumous children, adopted children * * *.' Because of the position in the sentence that it occupies, 'legitimate' obviously modifies children. But does it extend also to the remaining listed groups? Undoubtedly it does to 'posthumous children'. * * * " Then we went on to conclude that the word "legitimate" also applies to stepchildren and, consequently, the illegitimate claimants were not entitled to compensation under the mentioned provision.

Although those involved in the Dangerfield case were stepchildren, it is obvious that the pronouncements therein are applicable to the rights of illegitimate, posthumous children. Therefore, we must hold (as did the district court and the Court of Appeal) that the first contention of this plaintiff is without merit.

■ An award of compensation herein under the "dependent member of the family doctrine" enunciated in Thompson v. Vestal Lumber and Manufacturing Company, supra, as is secondly contended for by plaintiff, is authorized only if her illegitimate son was "actually and wholly dependent upon his (the employee's) earnings for support at the time of the accident and death * * * " (LRS 23:1231). In this connection he is not to "be considered a dependent, unless he is a member of the family of the deceased employee * * * " (LRS 23:1253). Moreover, the "dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact" (LRS 23:1254).

The illegitimate, posthumous son of this plaintiff, in our opinion, was not a member of the family of the employee at the time of the latter's death. As was correctly stated by the district judge " * * * it is unreasonable, and therefore not within the contemplation of the statute, to say

that an unborn child is a 'member of the family', for that term connotes a living person. The unborn child becomes a member of the family upon birth. The right to compensation is. determined upon the basis of facts existing at the time of the death of the employee and not deferred to await the contingency of live birth."

Furthermore, we are unable to conclude that plaintiff's posthumous son was *actually* dependent (a prerequisite for recovery of compensation under the "member of the family" doctrine) on his father. Undoubtedly he was actually dependent on the mother at the time of the employee's death. But his dependency on the father (if any existed), obviously, was only constructive, not actual.

For the success of this action plaintiff relies heavily on Revised Civil Code Articles 29 and 954 which recite: "Art. 29. Children in the mother's womb are *considered,* in whatever relates to themselves, as if they were already born; thus the inheritances which devolve to them before their birth, and which may belong to them, are kept for them, and curators are assigned to take care of their estates for their benefit." "Art. 954. The child in its mother's womb is considered as born for all purposes of its own interest; it takes all successions opened in its favor since its conception, provided it be capable of succeeding at the moment of its birth."

But these general codal provisions (found under titles relating to "Persons" and "Successions", respectively) are clearly inapplicable here in view of the specific requirements of our workmen's compensation statute that plaintiff, to recover on behalf of her illegitimate and posthumous son, prove that such offspring was *actually* dependent on the deceased employee, that he was a member of the decedent's family, and that both such dependency and relationship existed at the time of the accident and death (proof of mere expectation or hope of future support is insufficient). (Italics ours.)

Cited also by counsel for plaintiff is *Lippard v. Southeastern Express Company,* 207 N.C. 507, 177 S.E. 801, in which compensation was awarded to a posthumous, illegitimate child. However, there are decisions from other jurisdictions to the contrary. See 58 American Jurisprudence, verbo Workmen's Compensation, Section 175. The conflict, due principally to differences in the particular statutory provisions involved, is further recognized in 99 C.J.S. verbo Workmen's Compensation § 141(2) f.

For the reasons assigned the judgment of the Court of Appeal is reversed and set aside; and the decree of the district court, which dismissed plaintiff's suit, is reinstated and made the judgment of this court.

FOURNET, C. J., absent.

PONDER, Justice (dissenting).

I cannot agree with the majority opinion in this case. Long prior to the adoption of our compensation statute the civil law as well as the common law recognized the rights of posthumous children. We find in our LSA–Civil Code Article 29, under the title "Persons", and Article 954, under the title "Successions." Article 29 of the LSA–Civil Code provides: "Children in the mother's womb are considered, in whatever relates to themselves, as if they were already born * * *." Article 954 of the LSA–Civil Code provides: "The child in its mother's womb is considered as born for all purposes of its own interest * * *."

Our compensation statute also recognizes this principle of law as evidenced by the provisions of LSA–R.S. 23:1021 providing: "(3) 'Child' or 'Children' covers only legitimate children, stepchildren, posthumous children, adopted children, and illegitimate children acknowledged under the provisions of Civil Code Articles 203, 204, and 205." This provisions deals with those conclusively presumed to be dependent under the law.

Under the provisions of LSA–R.S. 23:-1231 and LSA–R.S. 23:1253 it would appear that the illegitimate posthumous child herein is entitled to compensation because he and his mother were both members of the deceased employee's family and dependent

upon him for support at the time of his death. There was not merely an expectation or hope of future support but the child and its mother were actually receiving support from the deceased at the time of his death.

From my appreciation of the majority opinion it in effect recognizes the fact that if this child had been born at the time of the accident and death, it would have been a member of the family of the deceased and a dependent within the compensation statute. The majority opinion recognizes the fact that the child was dependent upon the mother for support and that the mother was dependent upon the deceased for support.

At the time of the death of the deceased employee the child was then in embryo, living in his household and supported by him. This, in my opinion, is actual dependency upon the father. I cannot agree that this is merely constructive dependency.

I am firmly of the opinion that the compensation statute, when construed liberally and in accordance with the purpose for which it was enacted, unquestionably grants unto posthumous children, whether legitimate or illegitimate, the same advantages and benefits as if they were already born. Undoubtedly the framers of the compensation statute intended to preserve the rights of both legitimate and illegitimate posthumous children as hereto-

fore recognized by both the civil and common law.

I respectfully dissent.

HAWTHORNE, Justice (dissenting).

In my opinion the judgment of the Court of Appeal is correct and should be affirmed. See, La.App., 103 So.2d 568.