liBYRNES, Judge.
In this worker’s compensation case, Security Protection Services (Security) appeals a judgment recognizing an illegitimate, posthumous child as a dependent for purposes of the compensation act and awarding benefits.
We reverse.
Clarence B. Renard (decedent) died in an automobile accident on April 21, 1994. Daphne Mearis, on behalf of her minor child, Breanna Letrelle Renard, sued Security, the decedent’s employer, claiming that as the decedent’s child and dependent[1], Breanna was entitled to death benefits pursuant to LSA-R.S. 23:1231. Security opposed Ms. Mearis’ claim denying that Breanna was the decedent’s child and/or his “legal” dependent as defined under the Louisiana Workers’ Compensation Act.
At trial, the parties stipulated that the decedent’s accident and death occurred during the course and scope of his employment and that at the time of his death the decedent’s average weekly wage was $176.00. The hearing officer found that Breanna was the decedent’s child and dependent and rendered judgment in favor of Ms. Mearis on behalf of Breanna pursuant to LSA R.S. 23:1252, awarding weekly benefits in the amount of $38.13 from the date of the decedent’s death, ending pursuant to LSA R.S. 23:1233, plus interest and costs. Security’s appeal ensued.
|2The only evidence offered by Ms. Mearis was her testimony and the testimony of decedent’s mother plus one photograph[2].
*10 Ms. Mearis testified that she and the decedent began dating in September, 1993, and began living together in his mother’s home on November 1, 1993. Shortly thereafter, Ms. Mearis conceived Breanna. Once Ms. Mearis’ pregnancy was confirmed, the decedent bought her food, accompanied her to medical appointments and monitored her health and diet. In January, 1994, the decedent purchased on lay away $250.00 worth of infant clothing, blankets, sheets and bottles. Ms. Mearis lived with the decedent until early February, 1994, when she moved out of his mother’s home. Breanna was born August 1, 1994, and although Ms. Mearis did not list the decedent as Breanna’s father on the birth certificate, later she “legally”[3] changed Breanna’s last name from Mearis to Renard. The decedent also purchased toys in anticipation of Breanna’s birth and gave Ms. Mearis money toward the purchase of a house.
Ms. Romona Manning, the decedent’s mother, confirmed that Ms. Mearis and the decedent lived together in her home from November, 1993, until February, 1994. Ms. Manning advised the court that the decedent told her, other family members and friends that he was the father of Ms. Mearis’ child. Further, Ms. Manning stated that the decedent made her promise that if he died before the birth of the child, she would see that the child bore the “Renard” name.
IsOn appeal Security charges error in the hearing officer’s finding that Ms. Mearis bore her burden of proving Breanna’s dependence on the decedent[4]. Security argues that the fact Ms. Mearis was not living with the decedent at the time of his death preempts her claim of dependency.
Because Ms. Mearis and Breanna were not living with the decedent at the time of his death, Breanna does not enjoy the conclusive presumption of dependency established by LSA-R.S. 23:1251[5]. The claimant bears the burden to prove actual dependency upon the earnings of the decedent in accordance with the factual circumstances existing at the time of the accident and death. LSA-R.S. 23:1252[6]; Lumbermen’s Underwriting Alliance v. Teague, 521 So.2d 820 (La.App. 2 Cir.1988). The mere expectation or hope of future contribution to support shall not constitute proof of dependency as a fact. LSA-R.S. 23:1254; Lathrop v. Hercules Trans., 95-0936 (La.App. 1 Cir. 12/15/95), 666 So.2d 395.
Lin Williams v. American Emp. Ins. Co., 237 La. 101, 110 So.2d 541, 543 (1959), the Supreme Court indicated that support for the pregnant mother was only constructive support for the unborn child. Id., 110 So.2d at p. 543. The Williams court relied on its interpretation of LSA-R.S. 23:1253 and LSA-R.S. 23:1254:
R.S. 23:1253 Membership in family or relationship
-No person shall be considered a dependent, unless he is a member of the family of the deceased employee ...
*11 R.S. 23:1254 Dependency at the time of accident and death
In all cases provided for under this Part the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.
LSA-R.S. 23:1254 has not been amended since 1926.
In Williams the Supreme Court held that an unborn child is not a “member of the family” within the contemplation of LSA-R.S. 23:1253:
As was correctly stated by the district judge “ * * * it is unreasonable, and therefore not within the contemplation of the statute, to say that an unborn child is a ‘member of the family’, for that term connotes a living person. The unborn child becomes a member of the family upon birth. [Emphasis added.] The right to compensation is determined upon the basis of facts existing at the time of the death of the employee and not deferred to await the contingency of live birth.”
Williams, at p. 543.
The Williams court rejected arguments that the unborn child be treated as bom as is done, for example, where successions are concerned:
But these general codal provisions (found under titles relating to “Persons” and “Successions”, respectively) are |sclearly inapplicable here in view of the specific requirements of our workmen’s compensation statute ...
Id., at p. 544.
Therefore, following Williams we find that it was error to award compensation to the claimant herein.
For the foregoing reasons, the judgment of the hearing officer is reversed and the claim against Security Protection Service is dismissed.

REVERSED AND RENDERED.

. At the time of his death, Clarence Renard was living with Danielle Decou and their two minor children. Ms. Decou also filed a claim for benefits on behalf of her children and her suit was consolidated for trial with Ms. Means’ suit. However, on the day of trial, Security settled Ms. Decou’s claims by paying benefits to her children and paying the decedent’s funeral expenses.

. The photograph purports to show Ms. Mearis with the decedent at a Christmas party in 1993.

. There is no documentary proof of this action in the record.

. In the lower court Security questioned whether Breanna was the decedent's child; however, it does not raise the issue on appeal.

. R.S. 23:1251. Persons conclusively presumed dependents
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.

.R.S. 23:1252. Determination of dependency in other cases
In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.