hMOON LANDRIEU, Judge Pro Tempore.
In this workers’ compensation case, the defendants, New Orleans Paddlewheels[1] and the Louisiana Workers’ Compensation Corporation (collectively “Paddlewheels”), appeal the judgment in favor of the claimant, Ernest Butler, entitling him to benefits and medical treatment, as well as an award for penalties and attorney’s fees. We affirm.

Procedural History

Ernest Butler asserts that he injured his back on or about July 1, 2001, when he lifted heavy luggage for a French tour group, Cosmos, at the Royal St. Charles Hotel where Mr. Butler was employed as a bellhop for Paddlewheels.
Mr. Butler filed a compensation claim on November 14, 2001, against his employer, and complained that Paddlewheels failed to pay wage benefits or to authorize medical treatment. At the trial on October 21, 2002, the parties stipulated that Mr. Butler was earning $5.90 per hour, and he was Paddlewheels’ employee at the time of the alleged incident.
The November 18, 2002 judgment held that Ernest Butler sustained a compensa-ble work-related accident. The claimant *606 was entitled to temporary total ^disability benefits in the amount of $200.49 weekly from July 1, 2001 to continue to such time as modification is appropriate. The judgment stated that the claimant is entitled to reasonable and necessary medical treatment. Further, the judgment awarded the claimant penalties in the amount of $2,000 and attorney’s fees in the amount of $5,000 under La. R.S. 23:1201(F).
On appeal, Paddlewheels contends that the trial court erred in finding that the claimant: (1) proved that a compensable work-related accident occurred; (2) was entitled to temporary total disability benefits; (3) was entitled to reasonable and necessary medical treatment; and (4) was entitled to an award of penalties and attorney’s fees. The Citizens Law Center and two attorneys filed a brief as intervenors. Burden of Proof and Standard of Review
La. R.S. 23:1031 A provides compensation if an employee sustains personal injury as the result of an accident arising out of and in the course of employment. Daspit v. Southern Eagle Sales & Services, Inc., 98-1685 (La.App. 4 Cir. 1/20/99), 726 So.2d 1079. Claimants in a workers’ compensation proceeding have the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349, writ denied 98-2314 (La.11/13/98), 731 So.2d 265. The workers’ compensation claimant must prove by a preponderance of the evidence that an employment accident had a causal relationship to the disability; if the testimony leaves the probabilities evenly balanced, the claimant has failed to carry the burden of persuasion. Harvey v. Bogalusa Concrete, Inc., 97-2945, p. 3 (La.App. 1 Cir. 9/25/98), 719 So.2d 1130, 1131. Causation is a question of fact. Dean v. K-Mart Corp., supra. The appellate court’s review of the findings of fact is governed by the manifest error or clearly wrong standard in a workers’ ^compensation case. Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987).

Claim of Insufficient Evidence

Paddlewheels contends that the claimant failed to show that he sustained an injury on July 1, 2001, while in the course and scope of his employment. Paddlewheels asserts that the only evidence that the accident occurred was the claimant’s own testimony. The claimant could not remember the exact date of the accident, and he stated that there were no witnesses to the accident. The claimant worked for about two and a half months after the alleged accident without seeking medical attention. Mr. Butler did not provide any witnesses that he allegedly told about any injuries sustained on the job or told that he was working in pain for that period of time. When Mr. Butler took sick leave between July 26 and August 16, 2001, he did not seek medical attention. The defendants did not fill out the first report of injury until January 9, 2002, when the defendants claim that they first had knowledge of an alleged accident. Paddlewheels maintains that the claimant did not present evidence of an event happening suddenly or violently that caused the alleged accident or injuries. Paddlewheels asserts that Mr. Butler first saw Dr. Norman Ott, an internist, on April 11, 2002, almost a year after the accident when Dr. Ott related the claimant’s back pain to his duties as a bellman for Paddlewheels.
Paddlewheels states that Mr. Butler was released from his employment on September 19, 2001, due to a decline in the tour *607 ism business in New Orleans as a ^result of the September 11, 2001 tragedies in New York and Washington, D.C. Paddle-wheels notes that Mr. Butler wrote to senior management and Paddlewheels’ owner at least twice after he was released from his job, but he did not mention the on-the-job accident or resulting injuries. During the trial, Mr. Butler expressed his disbelief that Paddlewheels would lay him off from his job when he had been employed by Paddlewheels for five and a half years. Paddlewheels states in its brief that: “Mr. Butler also expressed several times his frustration at not being promoted into management with NOPW [Paddle-wheels] as allegedly promised to him by Mr. Gerald Boulmay,” the claimant’s supervisor.
To recover workers’ compensation benefits, an employee must show that he received a personal injury by an accident arising out of and in the course and scope of his employment, and that his injury necessitated medical treatment or rendered the employee disabled, or both. Haws v. Professional Sewer Rehabilitation, Inc., 98-2846 (La.App. 1 Cir. 2/18/00), 763 So.2d 683. A workers’ compensation claimant’s disability is presumed to have resulted from an accident if before the accident, the claimant was in good health and commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that there is sufficient medical evidence to show that there is a reasonable possibility of a causal connection between the accident and the disabling condition. Woodrum v. Olive Garden Restaurant, 99-130 (La.App. 5 Cir. 5/19/99), 735 So.2d 911.
In the present case, the claimant testified that he reported his injury to Mr. Boulmay within a few days. The claimant pointed out that the employer’s handbook did not require a written report and did not require that a worker must | Bfile out a written First Report of Injury. Only one verbal report to the supervisor was all that the handbook required of the worker.
Mr. Butler thought the back pain would eventually resolve, and he continued to work in pain. He testified that he asked Mr. Boulmay to move him into a more sedentary, management job because of the back problem. Mr. Butler said that Mr. Boulmay indicated that he would promote him shortly so the claimant continued to work in pain until he was laid off in mid-September 2001.
The work-related accident requirement is interpreted liberally under Louisiana jurisprudence. Bruno v. Harbert International, Inc., 593 So.2d 357, 360 (La.1992). An accident exists when “heavy lifting or other strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition.” Id., citing Cutno v. Neeb Kearney & Co., 237 La. 828, 112 So.2d 628, 631 (1959).
It is improper for the court to impose a higher standard of proof on a worker simply because he was the only witness to the events giving rise to his compensation claim; to do so would in effect place a duty upon the worker to prove his case greater than that required by jurisprudence. Bruno v. Harbert International, Inc., supra at 364. The worker’s testimony alone may be sufficient to discharge the burden of proving by a preponderance of the evidence that he sustained a work-related injury, provided that two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the claimant’s testimony is corroborated by the circumstances following the *608 alleged incident. Id. at 361. The inability to provide a specific date does not necessarily render the claimant’s account of the accident insufficient for purposes of La. R.S. 23:1021(1). Watkins v. Asphalt Associates, Inc., 96-249 (La.App. 3 Cir. 12/4/96), 685 So.2d 393; Aymond v. R.J. Jones & Sons, 96-443, p. 6 (La.App. 3 Cir. 11/20/96), 690 So.2d 769, 773. An employee should not be barred from recovery because he did not realize or diagnose the full extent of his injury immediately after it happened. Middleton v. International Maintenance, 95-0238, p. 6-7 (La.App. 1 Cir. 10/6/95), 671 So.2d 420, 424, wit denied, 95-2682 (La.1/12/96), 667 So.2d 523.
Paddlewheels refers to Smith v. UNR Home Products, 607 So.2d 898 (La.App. 2 Cir.1992), reversed on other grounds, 614 So.2d 54 (La.1993), in which Smith alleged that while lifting sinks on a Friday, he felt a sharp sudden pain in his back. He momentarily stopped working and then finished his shift. He did not make an accident report. On Monday Smith called to tell his supervisor about the pain. The Second Circuit found that the hearing officer’s decision was manifestly erroneous because the claimant failed to prove that he suffered an accident where he did not show an identifiable precipitous event as required under La. R.S. 23:1021(1). However, the Louisiana Supreme Court remanded the case because the appeal was not taken from an appealable final judgment. The claimant in Smith was impeached by his deposition wherein he stated that he did not have a sharp or sudden pain but had sore muscles, which he experienced since the beginning of his work as a press operator. Mr. Butler notes that the Second Circuit emphasized that Smith offered no medical corroboration.
In the present case, although the claimant could not give the exact date, he gave specific testimony that he was injured when he lifted heavy luggage for a French tour group, Cosmos, at the Royal St. Charles Hotel. The evidence that he waited to report the accident for a few days was explained because he thought his back pain would subside in time. Mr. Butler related that he continued to work to 17keep his job. The fact that he took sick leave for three weeks from July 26 — August 16, 2001, supports Mr. Butler’s claim that his back continued to hurt. With the possibility of a transfer to a sedentary job, Mr. Butler continued to work. Mr. Butler testified that he did not seek medical help until the pain became unbearable. On October 30, 2001, Mr. Butler was treated for his back pain at Charity Hospital and was placed in rehabilitation. In the following months, Mr. Butler attempted to continue with rehabilitation without improvement. He retained counsel, who sent him to Dr. Norman Ott, an internist at the Metropolitan Clinic, on April 11, 2002. Dr. Ott opined that the claimant may have a herniated disc, recommended that the patient should undergo an MRI, and made a referral to an orthopedic specialist. Paddle-wheels did not approve of the testing or payment for Mr. Butler’s treatment by an orthopedic specialist.
In determining whether an accident arises out of employment, the workers’ compensation judge must focus on the character or source of the risk which gives rise to injury and on the relationship of the risk to the nature of the claimant’s employment. Lyons v. Bechtel Corp., 2000-00364, p. 10 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, 41, writ denied 787 So.2d 996 (La.3/23/01).
Paddlewheels maintains in its brief that: “The trial court ruled in the Plaintiffs favor because the Defendants did not call Mr. Gerald Boulmay to testify to contradict the Plaintiffs testimony that an accident happened while on the job.... It was *609 not the Defendants burden to disprove Plaintiffs allegations by calling Mr. Boul-may as a witness” because “it was the Plaintiffs burden to prove an accident happened by a preponderance of the evidence by calling Mr. Boulmay as a witness to corroborate his story.”
[sMr. Butler provided testimony of his back pain that he incurred when he picked up the heavy luggage for the specific French tour group, Cosmos. The nature of the claimant’s employment as a bellhop provides a basis that the source of the risk gave rise to an injury. There was no evidence of an intervening accident. Mr. Butler stated that he did not participate in sports or other strenuous activities other than work. There was sufficient evidence in the record upon which the trial court could determine that Mr. Butler carried his initial burden of proving a causal connection between the accident and his condition.
Once the injured employee carries his initial burden of proving a causal connection between the accident and his disabling condition, the burden shifts to the employer to produce evidence that it is more probable than not that the injury was not caused by a work related accident. Burrell v. Evans Industries, 99-1194 (La. App. 5 Cir. 4/25/00), 761 So.2d 618, 623, writ denied 2000-1493 (La.6/30/00), 766 So.2d 545. “The employer assumes both the burden of producing evidence and the burden of persuasion on the issue. This presumption is not rebutted by the mere introduction of contrary testimony; it requires more.” Id.; Hurst v. St. Anthony Nursing Home, 94-664 (LaApp. 5 Cir. 1/18/95), 650 So.2d 774.
In the present case, the workers’ compensation judge was not clearly wrong in finding that although Mr. Butler could not pinpoint an exact date of injury, his testimony concerning the accident remained uncontradicted where Mr. Boul-may was not called to testify. The burden of proof shifted to Paddlewheels to produce evidence that it was more probable than not that the injury was not caused by a work related accident. If there were any presumption created by the fact that Mr. Boulmay was not called to testify, it would be a presumption that Mr. Boul-may’s testimony would be adverse to Pad-dlewheels.
|flIn determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is accorded great weight. Jackson v. Quikrete, 2001-1181 (La.App. 4 Cir. 4/17/02), 816 So.2d 338; Parfait v. Gulf Island Fabrication, Inc., 97-2104 (La.App. 1 Cir. 1/6/99), 733 So.2d 11. When the fact finder’s decision in the workers’ compensation action is based on the conclusion to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. LaPrarie v. Pony Exp. Courier, 628 So.2d 192 (La.App. 2 Cir.1993), writs denied 94-0014, 94-0024 (La.2/25/94), 632 So.2d 765.

Disability Benefits and Medical Treatment

La. R.S. 23:1221(l)(c) provides that:
... compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment....
It is the workers’ compensation court’s function to determine the weight to be accorded medical and lay *610 testimony in a workers’ compensation claim for an award of disability benefits, and its factual determination should not be disturbed on appellate review unless it is clearly wrong and the trial court has committed manifest error. Starkman v. Munholland United Methodist Church, 97-661 (La.App. 5 Cir. 1/14/98), 707 So.2d 1277, writ denied 98-0400 (La.3/27/98), 716 So.2d 891. Whether the workers’ compensation claimant is entitled to temporary total disability benefits is a question of fact that may not be disturbed on appeal, absent manifest error. Sears v. Berg, Inc., 99-457, p. 8 (La.App. 5 Cir. 9/28/99), 742 So.2d 760, 766. The issue to be resolved by a reviewing court in a workers’ compensation case is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a- reasonable one. Jones v. Blue Cross/Blue Shield of Louisiana, 98-0962, p. 3 (La.App. 1 Cir. 5/14/99), 740 So.2d 163, 165, writ denied 99-1728 (La.9/24/99), 747 So.2d 1127.
In the present case, the workers’ compensation judgment stated that the claimant is entitled to temporary total disability benefits in the amount of $200.49 weekly from July 2, 2001 and continuing until such time as modification is appropriate, and that the claimant is entitled to reasonable and necessary medical treatment. Considering that the trial court found that Mr. Butler’s condition was caused by the lifting of heavy luggage on the job, and that Dr. Ott recommended that Mr. Butler should undergo further medical testing and treatment by a specialist, the trial court was not clearly wrong in awarding benefits and medical treatment. The workers’ compensation court’s conclusions were reasonable.

Penalties and Attorney’s Fees

Paddlewheels also argues that the trial court erred in awarding penalties and attorney’s fees.
Prior to the 2003 amendment, La. R.S. 23:1121 provided in pertinent part:
B. The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice....
C. If the employer or insurer has not consented to the employee’s request to select a treating physician or change physicians when such consent is required by this Section, and it is determined by a court having jurisdiction that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee for reasonable attorney fees related to this dispute and for In any medical expense so incurred by him for an aggravation of the employee’s condition resulting or withholding of such physician’s services.
Prior to the 2003 amendment, La. R.S. 23:1201 F stated in pertinent part:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits • or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim....
La. R.S. 23:1201 F(2) provides:
(2) This subsection shall not apply if the claim is reasonably controverted or if *611 such nonpayment results from conditions over which the employer or insurer had no control.
When an employer refuses to authorize medical treatment that is reasonable and necessary for an injured worker, attorney’s fees are warranted. Thibodeaux v. Sunland Const., 2000-1472, p. 8 (La.App. 3 Cir. 4/4/01), 782 So.2d 1203, 1209. An employee has the burden of proving entitlement to statutory penalties and attorney’s fees for the employer’s failure to timely pay workers’ compensation benefits. Parfait v. Gulf Island Fabrication, Inc., supra, p. 16 & p. 24. La. R.S. 23:1201 F(2) provides for penalties and attorney’s fees unless the claim is “reasonably controverted.” Brown v. Texas-LA Cartage, Inc., 98-1063, p. 1 (La.12/1/98), 721 So.2d 885, 886. The determination of whether an employer/insurer should be cast with penalties and attorney’s fees in a workers’ compensation proceeding is a question of fact, and the workers’ compensation judge’s findings shall not be disturbed on appeal absent manifest error. Lyons, supra, p. 7, 788 So.2d at 40.
h/rhe termination of workers’ compensation benefits may be considered arbitrary when it appears that further medical information was required to make an exact determination of the claimant’s condition. Porter v. Gaylord Chemical Corp., 98-0222, pp. 9-20 (La.App. 1 Cir. 9/25/98), 721 So.2d 27, 32, unit denied, 98-2712 (La.12/18/98), 734 So.2d 638. An employer’s refusal to authorize reasonable and necessary medical treatment for a workers’ compensation claimant warrants an award of penalties and attorney’s fees. Gross v. Maison Blanche, 98-2341, p. 8 (La.App. 4 Cir. 4/21/99), 732 So.2d 147, 151. In Tillmon v. Thrasher Waterproofing, 2000-0395, p. 7 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 136, the claimant was entitled to penalties and attorney’s fees where the employer denied benefits and failed to fulfill an ongoing duty to ascertain the claimant’s precise medical condition.
In the present case, the claimant’s entitlement to penalties and attorney’s fees was not controverted by the employer and insurer pursuant to La. R.S. 23:1201. Further medical information was required to make an exact determination of the claimant’s condition. We cannot say that the trial court was clearly wrong in finding that the employer and insurer acted arbitrarily and capriciously in refusing to pay benefits to the claimant, and in refusing to allow the claimant to undergo additional testing and to be examined by a specialist. The compensation court was not manifestly erroneous in awarding penalties in the amount of $2,000 and attorney’s fees in the amount of $5,000.
Accordingly, the workers’ compensation judgment is affirmed.

AFFIRMED.

CANNIZZARO, J., concurs in part and dissents in part with reasons.

. The name is spelled “Paddlewheels” or “Paddlewheel” in the record.